**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MARIA NELSON, INDIVIDUALLY, | § | |
| AND AS A REPRESENATATIVE OF THE | § | |
| ESTATE OF ROSENDO ROEL, | § | |
| DECEASED, AND JOSE ROEL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | C.A. NO: _____ |
| v. | § | |
| | § | |
| | § | |
| UNION PACIFIC RAILROAD COMPANY, | § | |
| and JOHN DOES, | § | |
| | § | |
| Defendants. | § | |

# EXHIBIT 1

8 CIT ESERVE

Case 3:21-cv-01507-C   Document 1-1   Filed 06/28/21   Page 2 of 14   PageID 5

FILED
2/17/2021 4:43 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Belinda Hernandez DEPUTY

NO. DC-20-11442

| | | |
|---|---|---|
| **MARIA NELSON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ROSENDO ROEL, DECEASED, AND JOSE ROEL** Plaintiffs, | § § § § § § | IN THE DISTRICT COURT |
| V. | § § | __68TH JUDICIAL DISTRICT |
| **UNION PACIFIC RAILROAD COMPANY, ET AL** Defendant. | § § § § | OF DALLAS COUNTY, TEXAS |

## PLAINTIFFS' AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** Maria Nelson, Individually and as Representative of the Estate of Rosendo Roel, Deceased, and Jose Roel, hereinafter called Plaintiffs, complaining of and about Union Pacific Railroad Company ("Union Pacific"), Michael Soriano, Brandon Ramirez, Jonathan Redick, Jacob Stanford, James Phillips, B. L. Hughes, Charles Lucas, and Sam Embras, III, hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.  Plaintiffs intend that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.  Plaintiff, Maria Nelson, Individually and as Representative of the Estate of Rosendo Roel, Deceased is an Individual who may be served through her attorney of record, Jim Ross Law Group, P.C.

3.  Plaintiff, Jose Roel, who may be served through her attorney of record,

Jim Ross Law Group, P.C.5.

4. Defendant Union Pacific Railroad Company, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, its registered office. Service of said Defendant as described above can be effected by personal delivery.

5. Charles Lucas is an Individual who may be served through Whitney C. Larkin and Ronnie Turner, Jr. of Union Pacific Railroad Company, 24125 Old Aldine Westfield Road, Spring, Texas 77373. Service of said Defendant as described above can be effected by personal delivery.

6. Michael Soriano is an Individual who may be served through Whitney C. Larkin and Ronnie Turner, Jr. of Union Pacific Railroad Company, 24125 Old Aldine Westfield Road, Spring, Texas 77373. Service of said Defendant as described above can be effected by personal delivery.

7. Jacob S. Stanford is an Individual who may be served through Whitney C. Larkin and Ronnie Turner, Jr. of Union Pacific Railroad Company, 24125 Old Aldine Westfield Road, Spring, Texas 77373. Service of said Defendant as described above can be effected by personal delivery.

8. Jonathan Redick is an Individual who may be served through Whitney C. Larkin and Ronnie Turner, Jr. of Union Pacific Railroad Company, 24125 Old Aldine Westfield Road, Spring, Texas 77373. Service of said Defendant as described above can be effected by personal delivery.

9. James Phillips is an Individual who may be served through Whitney C.

Larkin and Ronnie Turner, Jr. of Union Pacific Railroad Company, 24125 Old Aldine Westfield Road, Spring, Texas 77373. Service of said Defendant as described above can be effected by personal delivery.

10. B. L. Hughes is an Individual who may be served through Whitney C. Larkin and Ronnie Turner, Jr. of Union Pacific Railroad Company, 24125 Old Aldine Westfield Road, Spring, Texas 77373. Service of said Defendant as described above can be effected by personal delivery.

11. Sam Embras, III is an Individual who may be served through Whitney C. Larkin and Ronnie Turner, Jr. of Union Pacific Railroad Company, 24125 Old Aldine Westfield Road, Spring, Texas 77373. Service of said Defendant as described above can be effected by personal delivery.

12. Brandon Ramirez is an Individual who may be served through Whitney C. Larkin and Ronnie Turner, Jr. of Union Pacific Railroad Company, 24125 Old Aldine Westfield Road, Spring, Texas 77373. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

13. The subject matter in controversy is within the jurisdictional limits of this court.

14. Plaintiffs seek:

    a. monetary relief over $1,000,000.

15. This court has jurisdiction over Defendant Union Pacific Railroad Company, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient

to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Union Pacific Railroad Company will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

16. Furthermore, Plaintiffs would show that Defendant Union Pacific Railroad Company engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

17. Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

**FACTS**

18. On or about February 21, 2019, Rosendo Roel's vehicle ran out of gas, and he walked from his vehicle toward the 2800 blk of E. Main Street, Grand Prairie, Texas where there was an industrial park with various body shop and car mechanic-type businesses to likely fill up his gasoline can with gas to take back to his vehicle.

19. Rosendo Roel was seen walking near the tracks with a gas container by witnesses in the industrial park.  Approximately ten (10) minutes later, the witnesses saw Rosendo Roel laying beside the railroad tracks and called 9-1-1.

20. Union Pacific Railroad Company's train video footage from two separate Union Pacific Railroad Company trains that were in operation on the tracks where Rosendo Roel was found shows that Rosendo Roel was walking parallel from the tracks at a distance that was far enough from the track that he was not in the path of the on-coming train.  The conductor of the train saw Rosendo Roel and sounded the train's

horn several times as the train approached Mr. Roel. The train's video footage shows that Rosendo Roel saw the approaching train, and took steps to walk farther away from the train tracks as the train approached him. The video footage of the train that was shown to Plaintiffs' counsel does not show any further footage after the locomotive passed Rosendo Roel.

21. Approximately thirty (30) minutes after the first Union Pacific Railroad Company train passed Rosendo Roel, a second Union Pacific Railroad Company train, heading in the same direction caught video footage of Rosendo Roel's body laying near the rail. The conductor of the second train called Union Pacific Railroad Company's dispatch to inform it that there was a body near the tracks.

22. Rosendo Roel was found nonresponsive with his body facing the South and his face down, with his head next to the rail. His gas container was found nearby his body, and his vehicle was found nearby the tracks out of gas.

23. When found, Rosendo Roel had five and one-half (5 ½) inch by one and one-fourth (1 ¼) inch laceration from the right side of his forehead to the right parietal scalp; a one-half inch red abrasion above his right eyebrow; a four (4) inch by one (1) inch laceration with exposed brain tissue on the left fontal and parietal scalp; two three-fourths (3/4) inch lacerations on the left parietal scalp; two five-eighths (5/8) inch lacerations on his right parietal scalp; a one-fourth (1/4) inch laceration on his right parietal scalp; and red-brown abrasions surrounding the lacerations on his scalp. The Dallas County Medical Examiner found that Rosendo Roel died as a result of blunt force injuries.

24. The Federal Railroad Administration Office of Safety Analysis listed the

event which caused Rosendo Roel's fatality as "struck by on-track equipment."

25.  Charles Lucas was an engineer of track maintenance for Union Pacific Rail Road Company at the time of the incident and was responsible for ensuring the track safety in the area; Michael Soriano was the manager of operating practices and was responsible for ensuring the safe operation of Union Pacific's locomotives in the area of the incident; Jacob S. Stanford was the Engineer for the locomotive involved in the incident and was responsible for operating the train in a safe and prudent manner, James Phillips and B.L. Hughes were brakemen for the locomotive and were responsible for the operation of the train in a safe and prudent manner; Sam Embras, III was the Senior Manager of Train Operations and was responsible for ensuring that the track and locomotive maintenance was performed pursuant to the Texas and Federal laws as well as pursuant to the policies and procedures of Union Pacific Railroad Company; Jonathan Redick and Brandon Ramirez were the Risk Management Managers of Union Pacific Railroad Company and was responsible for the company and it's employees to operate the locomotives and maintain the company's tracks in a manner to adhere to the company's policies and procedures as well as Texas and Federal laws as well as enforce those policies and procedures to limit risk of harm to individuals, including the Decedent, Roel.. These defendants were employees of Union Pacific Railroad Company who were employed at the time of the incident subject to this suit to operate, inspect, and ensure that the locomotive and accompanying train cars on the train that is subject to this suit were loaded and secure in a manner to prevent harm to individuals who may have been near the locomotive and to ensure that there were no harmful objects on or near the railroad tracks that could cause harm to individuals who

were near a passing locomotive.

26. Employees of Union Pacific, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Their duty was to ensure that the locomotive and/or its train cars were secure with no equipment which could come off of or away from the locomotive or cars and strike Mr. Roel.

## NEGLIGENCE
### (All Defendants)

27. Plaintiffs incorporate by reference each and every allegation contained within the above paragraphs as if fully set forth herein.

28. Union Pacific Railroad Company and its employees were negligent with respect to one or more of the following acts and omissions:

a) a) Failing to properly train its employees who loaded, inspected, and operated the train;

b) Failing to properly supervise employees who loaded, inspected, and operated the train;

c) Encouraging its engineers and/or conductors to drive trains through Grand Prairie, Texas at an excessive rate of speed given the circumstances;

d) Failing to properly secure its property and/or railroad tracks from known pedestrian traffic;

e) Failing to maintain its property in a safe condition;

f) Failing to use reasonable or ordinary care to control the risk of harm or dangerous condition presented to pedestrians, which greatly outweighed both the

utility to the defendant in maintaining the condition and the burden of the defendant of eliminating the danger created by the condition; and/or

g) Failing to warn pedestrians known to be upon Union Pacific property and Union Pacific Railroad Company tracks.

h) Failing to ensure that Union Pacific Railroad Companies were operating the locomotive and tracks in a manner that adhered to Texas and Federal laws and Union Pacific Railroad Company's policies, procedures, including its Risk Management policies; and

i) Failing to ensure that no on-track equipment would detach from the locomotive and/or railcars or reach out from the locomotive and/or cars in a manner which would cause harm to individuals near the train tracks and/or locomotive and railcars.

29.   In addition, the Union Pacific Railroad Company employee defendants, Michael Soriano, Brandon Ramirez, Jonathan Redick, Jacob Stanford, James Phillips, B.L. Hughes, Charles Lucas, and Sam Embras, III had a duty inspect, and operate the train, its cars, and track in a safe and prudent manner under the circumstances, as well as ensure that the employees of the company were loading and securing the train and its cars in a safe manner that would prevent any piece of equipment on the tracks from hitting individuals, such as Decedent, Roel, causing harm. Their failure to do so constituted negligence which was a proximate cause of the incident and Plaintiffs' damages.

30. Furthermore, Union Pacific Railroad Company is vicariously liable with respect to any negligence on the part of its employees, including the engineer, conductor, and/or any other individual whose job duty was to secure the locomotive and train cars to ensure that no parts or equipment would be capable of striking a passing pedestrian. This is due to the fact that such employees of Union Pacific were loading, inspecting, driving and operating the train in the course and scope of their employment for Union Pacific at the time of the incident. Therefore, Union Pacific is liable for all damages herein pursuant to the doctrine of *respondeat superior*.

31. The conduct, or misconduct, of Union Pacific and John Does in this regard constituted negligence which was a proximate cause of the incident and Plaintiffs' damages.

## GROSS NEGLIGENCE

32. Plaintiffs incorporate by reference each and every allegation contained within the above paragraphs as if fully set forth herein.

33. Plaintiffs would show that Defendant as herein alleged acted with gross negligence. Defendants' conduct amount to gross negligence under Texas Civil Practice & Remedies Code § 41.001(7)(B) because Defendants' conduct, when viewed objectively from the standpoint of the Defendant, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the motoring public and specifically to Rosendo Roel; and Defendants had actual and subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of the public and specifically to Rosendo Roel.

## RESPONDEAT SUPERIOR

34. Plaintiffs incorporate by reference each and every allegation contained within the above paragraphs as if fully set forth herein.

35. At the time of the occurrence of the act in question and immediately prior thereto, Union Pacific employees were within the course and scope of employment for Defendant Union Pacific Railroad Company.

36. At the time of the occurrence of the act in question and immediately prior thereto, Union Pacific employees engaged in the furtherance of Defendant Union Pacific Railroad Company's business.

37. At the time of the occurrence of the act in question and immediately prior thereto, employees of Union Pacific were loading, inspecting, driving and operating the train in the course and scope of their employment for Union Pacific at the time of the incident.

38. Plaintiffs invoke the doctrine of Respondeat Superior as against Defendant Union Pacific Railroad Company.

## CAUSE OF ACTION UNDER THE TEXAS WRONGFUL DEATH STATUTE

39. Plaintiffs incorporate by reference each and every allegation contained within the above paragraphs as if fully set forth herein.

40. Plaintiffs Jose Roel and Maria Nelson, Individually, are entitled to bring an action for wrongful death pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 71.001, *et seq*. (West 2007), by virtue of the fact that Plaintiffs are the surviving biological and legal children of Rosendo Roel, Deceased. As a direct and proximate result of the Defendants' negligent and grossly negligent conduct, Rosendo Roel was injured and

killed. At the time of his death, Rosendo Roel was in excellent health and had a close and loving relationship with his children. Plaintiffs seek to recover a sum of money that will fairly and reasonably compensate them for their pecuniary loss resulting from the death of Rosendo Roel, including the following elements: care, maintenance, support, service, counsel and contribution of a pecuniary value that Plaintiffs, in reasonable probability, would have received from Rosendo Roel for the remainder of his life had he lived. Plaintiffs also seek fair and reasonable compensation for their past and future mental anguish, loss of consortium, and other intangible damages which Plaintiffs are entitled to recover as a result of the wrongful death of Rosendo Roel.

## CAUSE OF ACTION UNDER TEXAS SURVIVAL ACT

41. Plaintiffs incorporate by reference each and every allegation contained within the above paragraphs as if fully set forth herein.

42. Plaintiff, Maria Nelson, as Representative of the Estate of Rosendo Roel, also brings this suit in her capacity as personal representative of her father's estate in order to recover for the severe physical pain and mental anguish which Rosendo Roel consciously suffered prior to his death, including damages which Rosendo Roel could have recovered as a plaintiff if he had survived, in addition to reasonable funeral and burial expenses.

## REQUEST FOR DISCLOSURE

43. Under Texas Rule of Civil Procedure 194, Plaintiffs request that the Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Maria Nelson, Individually and as Representative of the Estate of Rosendo Roel, Deceased, and Jose Roel respectfully requests that this case be tried by jury, and that Plaintiffs have final judgment against Defendants, jointly and severally, for all actual and compensatory damages, exemplary damages in the greatest amount allowed by law, pre-judgment and post-judgment interest at the highest rate allowed by law, and court costs, as well as such other and further relief, both legal and equitable, general and special, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

By: /s/ Amy M. Lorenz
Amy M. Lorenz
Texas Bar No. 24073712

JIM ROSS LAW GROUP, P.C.
2221 E. Lamar Blvd.
Suite 800
Arlington, Texas 76006
Telephone: 817.275.4100
Facsimile: 817.275.4106
Email: litigation@jimrosslaw.com

Attorneys for Plaintiffs

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leslie Cisnero on behalf of Amy Lorenz
Bar No. 24073712
lcisnero@jimrosslaw.com
Envelope ID: 50685131
Status as of 2/18/2021 9:22 AM CST

Associated Case Party: UNION PACIFIC RAILROAD COMPANY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Richard Warbritton | | rawarbri@up.com | 2/17/2021 4:43:52 PM | SENT |
| Patty Cuppernull | | phcuppernull@up.com | 2/17/2021 4:43:52 PM | SENT |
| Whitney CLarkin | | wclarkin@up.com | 2/17/2021 4:43:52 PM | SENT |
| Ronnie Turner Jr | | rturner@up.com | 2/17/2021 4:43:52 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| JIM ROSS | | litigation@jimrosslaw.com | 2/17/2021 4:43:52 PM | SENT |